# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:08cv1611 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| CITY OF LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint under the Americans with Disabilities Act ("ADA") on October 24, 2008.

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

In his complaint, Plaintiff alleges numerous violations of the ADA at McDermont Field House, which is owned and operated by the City of Lindsay. Specifically, he alleges that there is no parking area designated for the disabled, no disabled lift or elevator, that the bathrooms are not ADA-compliant, and that a ramp inside the building has only one handrail. He also alleges that although there was disabled parking for a while, but city employees parked in the disabled stalls despite complaints.

Plaintiff brings this action under Title II of the ADA, which prohibits a public entity from discriminating against a qualified individual with a disability, or excluding such an individual from participation in, or deny the individual the benefits of, any of the entity's services, programs or activities. 42 U.S.C. § 12132.

Prior to discussing the elements of a Title II action, however, the Court must assess whether Plaintiff has standing to bring the instant action. At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Here, Plaintiff makes only general allegations of violations, but does not allege that he was in fact "injured" by any of the alleged deficiencies, nor does he allege that he has even been in McDermont Field House. Although he references an August 18, 2008, class reunion held at McDermont Field House, he does not allege that he was at that reunion or that any of the alleged violations prevented him from participating in the activity. Plaintiff has therefore failed to demonstrating standing.

Turning to the elements of a Title II action, a plaintiff must allege that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Plaintiff's complaint fails to allege any of these requirements. He fails to allege that he is disabled, or that he was discriminated against because of his disability.

For these reasons, Plaintiff's complaint must be dismissed. He will be given an opportunity to amend his complaint, however, to correct these deficiencies. Plaintiff must submit an amended complaint within thirty (30) days. Failure to do so will result in a recommendation that this action be dismissed

Additionally, the Court notes that Plaintiff has previously filed at least four complaints with this Court alleging similar claims. 1:06-cv-00214-OWW-DLB *Daubert v. City of Lindsay*, filed 02/28/06 and closed 05/08/07 and 1:06-cv-00522-AWI-DLB *Daubert v. Ophir Management Service,* filed 05/01/06 and closed 03/20/07 were each dismissed for failure to prosecute. 1:06-cv-00590-AWI-DLB *Daubert v. Wal-Mart*, filed 05/17/06 and closed 09/25/06, was voluntarily dismissed without appearance by the defendant. 1:06-cv-00612-OWW-SMS *Daubert v. Linda Jo Palermo dba A-1 Tours & Travel*, filed 05/18/06 and closed 07/16/08, was voluntarily dismissed after the defendant appeared. From this history it appears that Plaintiff may not be serious about pursuing the complaints he files with this Court. Plaintiff is cautioned that the repeated filing of claims which have no merit or which he files without the intent of prosecuting may result in the issuance of an order declaring him a vexatious litigant and baring him from filing with this Court or other appropriate sanctions.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

1  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>
2  <u>Forsyth</u>, 114 F.3d at 1474.
3      IT IS SO ORDERED.
4      **Dated:   October 30, 2008**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE