# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 08cv1611 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | MOTION FOR INJUNCTIVE RELIEF |
| v. | ) | |
| | ) | (Document 17) |
| CITY OF LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff Timothy S. Daubert ("Plaintiff") is proceeding pro se and in forma pauperis in this action under the Americans with Disabilities Act. On January 7, 2009, the Court ordered the United States Marshal to serve Plaintiff's First Amended Complaint ("FAC"). Defendant has not yet been served.

    In response to Plaintiff's January 22, 2009, request that the Court order the City of Lindsay to cease all events at McDermont Field House, the Court explained that it would not entertain such a request absent a noticed motion pursuant to Local Rule 65-231.

    On February 5, 2009, Plaintiff filed a letter in which he asks "for a motion to order the City of Lindsay to cease all operations and events at the McDermont Field House" based on his belief that the City of Lindsay knowingly violated federal regulations and did nothing to correct them.

A.   Notice

In the prior order denying Plaintiff's request, the Court referred Plaintiff to Local Rule 65-231, which requires that the adverse party be notified of a motion for preliminary injunction. Local Rule 65-231(d)(1); Fed.R.Civ.Proc. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

Insofar as Plaintiff requests a temporary restraining order, Local Rule 65-231(a) requires notice to the adverse party except in the "most extraordinary of circumstances." See also Fed.R.Civ.Proc. 65(b)(1) (Court may issue temporary restraining order without notice only where "specific facts in an affidavit of a verified compliant clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")  Plaintiff's allegations and his statement that he was denied the use of McDermont Field House on two occasions do not constitute extraordinary circumstances to obviate the notice requirement.

Therefore, because Defendant has not yet been served with the complaint, Plaintiff is unable to provide notice of his request, making the motion procedurally flawed at the most basic level.

B.   Substantive Elements

For Plaintiff's benefit and to assist him in determining the merits of his request, the Court will provide him with the legal standards for obtaining a preliminary injunction and/or temporary restraining order.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an

1  injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a
2  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
3  questions serious enough to require litigation." Id.
4        To obtain a temporary restraining order, the moving party must show (1) a strong
5  likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the
6  preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)
7  advancement of the public interest (in certain cases)." See Los Angeles Memorial Coliseum
8  Comm'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir.1980).
9  C.    Order
10       Based on Plaintiff's failure to provide notice to the adverse party and his failure to
11 demonstrate the above elements, Plaintiff's motion for preliminary relief is DENIED.
12       IT IS SO ORDERED.
13 **Dated:   February 9, 2009**           /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE