# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. DAUBERT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF LINDSAY,<br><br>    Defendant.<br>_____/ | CASE NO. CV F 08-1611 LJO DLB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br>(Doc. 24.) |

## BACKGROUND

Plaintiff Timothy Daubert ("Mr. Daubert") alleges "violations of the Americans with Disability Act" inside and outside the McDermont Field House, which is owned and operated by defendant City of Lindsay ("City"). On April 8, 2009, Mr. Daubert filed his motion for an order that the City "cease all operations and events at the McDermont Field House." His motion further seeks a "temporary injunction" to "cease carrying the disabled in wheelchairs up the stairs" to the top floor of the building in that McDermont Field House employees "are not medically trained to do so" to endanger the handicapped. This Court construes Mr. Daubert's motion to seek a temporary restraining order or preliminary injunctive relief.

## DISCUSSION

Mr. Daubert fails to demonstrate that he is entitled to requested injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Arcamuzi*, 819 F.2d at 937. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." *Arcamuzi*, 819 F.2d at 937. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937.

When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

Although this Court is troubled by Mr. Daubert's allegations and concerned about handicap access at McDermont Field House, this Court is unable to grant the sweeping injunctive relief which Mr. Daubert seeks. Based on the limited, unauthenticated record, Mr. Daubert fails to demonstrate probable success on his claims or significant threat of irreparable injury. Mr. Daubert makes no attempt to demonstrate even a fair chance of success on the merits or the existence of serious questions to require litigation.

Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting *O'Shea*, 414 U.S. at 502, 94 S.Ct. at 679). Mr. Daubert provides no credible, substantiated evidence of identifiable,

potentially repeatable wrongs and fails to support his injunctive relief request with adequate legal and factual grounds. Moreover, Mr. Daubert has fails to comply with this Court's Local Rules 78-230 and 65-231 to seek his requested relief.

**CONCLUSION**

For the reasons discussed above, this Court DENIES Mr. Daubert injunctive relief, including a temporary restraining order.

IT IS SO ORDERED.

**Dated: April 15, 2009**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE