# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY DAUBERT, | ) | 1:08cv01611 DLB |
| | ) | |
| Plaintiff, | ) ) ) ) | ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION |
| v. | ) ) | (Document 48) |
| CITY OF LINDSAY, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Timothy Daubert ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action under the Americans with Disabilities Act ("ADA") on October 24, 2008.

On November 23, 2009, the Court granted Defendant City of Lindsay's motion for summary judgment, entered judgment in favor of Defendant and closed the action.

On December 12, 2009, Plaintiff filed a document in which he contends that the Court failed to consider his argument in opposition to summary judgment that he was intimidated by workers at McDermont Field House on July 11, 2009. Plaintiff believes that the issue should have been addressed in the Court's order.

## DISCUSSION

Generally, a party can seek reconsideration of a Magistrate Judge's order from the District Court Judge assigned to the case pursuant to 28 U.S.C. §636(b)(1)(A) and Local Rule 72-303.

However, because the parties have consented to Magistrate Judge jurisdiction, the Magistrate Judge conducts all proceedings in his case. Thus, the Court will construe Plaintiff's motion for reconsideration as an ordinary request for reconsideration pursuant to Federal Rule of Civil Procedure 60 and Local Rule 78-230(k).

Rule 60(b) governs the reconsideration of final orders. That rule permits the Court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment. Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

Similarly, Local Rule 78-230(k) provides that a motion for reconsideration set forth "new or different facts that are claimed to exist which did not exist or were not shown upon such prior motion."

Here, Plaintiff presents no new facts to the Court. Rather, he contends that the Court should have considered his intimidation argument. While the Court analyzes all arguments made in the parties' briefing, it is not always necessary to address each argument in the order. In this case, the Court did not reach the validity of Plaintiff's judicial admission because it decided the motion on the merits. In other words, regardless of the treatment of Plaintiff's alleged admission, the Court reviewed the undisputed evidence and determined that the issues raised in the complaint were remedied.

1 | Accordingly, Plaintiff's request for reconsideration is DENIED.[1]

3 | IT IS SO ORDERED.

4 | **Dated:   December 18, 2009**                    **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff states in his request that he "knows he cannot appeal this order." The Court's order granting summary judgment, however, is a final, appealable order.